# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Innovaport LLC

        Plaintiff,

    v.                                        Case No. 2:21-cv-00789

IKEA North America Services, LLC, and
IKEA Trading Services, Inc.,

        Defendants,

## COMPLAINT

Plaintiff Innovaport LLC ("Innovaport"), for its complaint against defendants IKEA North America Services, LLC and IKEA Trading Services, Inc. (collectively referred to as "IKEA"), alleges as follows:

### Parties

1.    Plaintiff Innovaport is a Wisconsin company with its principal place of business at 10019 N. Miller Ct., Mequon, WI 53092. Among other things, Innovaport has developed technology to assist customers with locating products with respect to particular retail locations.

2.    Defendant IKEA North America Services, LLC is a Pennsylvania company with a principal place of business at 420 Allen Wood Road, Conshohocken, PA 19428.

3.    Defendant IKEA Trading Services, Inc. is a Pennsylvania company with a principal place of business at 420 Allen Wood Road, Conshohocken, PA 19428.

### Nature of Action

4.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

5.     Innovaport is the owner of all right, title and interest in U.S. Patent 8,775,260 ("the '260 patent") entitled *Apparatus and method for providing product location information to customers in a store*, issued on July 8, 2014, a copy of which is attached as Exhibit A.

6.     Innovaport is the owner of all right, title and interest in U.S. Patent 8,787,933 ("the '933 patent") entitled *Apparatus and method for providing product location information to customers in a store*, issued on July 22, 2014, a copy of which is attached as Exhibit B.

7.     Innovaport is the owner of all right, title and interest in U.S. Patent 9,489,690 ("the '690 patent") entitled *Apparatus and method for providing product location information to customers in a store*, issued on November 8, 2016, a copy of which is attached as Exhibit C.

8.     Innovaport is the owner of all right, title and interest in U.S. Patent 9,990,670 ("the '670 patent") entitled *Apparatus and method for providing product location information to customers in a store*, issued on June 5, 2018, a copy of which is attached as Exhibit D.

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).

10.     Upon information and belief, IKEA regularly conducts business at 7500 S Ikea Way, Oak Creek, WI 53154 in this District, and has made and/or used products that infringe the '260, '933, '690, and '670 patents in this District.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## BACKGROUND

11.     In and around 1998, John Pienkos, the named inventor of the '260, '933, '690, and '670 patents, developed a new and novel method of providing product location to customers. Generally speaking, the novel method of providing product location to customers involves a user interface (e.g., a kiosk, website, or mobile phone application) which informs customers whether

a specified product is located in a specific store and further links the specified product with other product information that a customer may be interested in.

12.    Stated another way, a customer may open IKEA's website or mobile phone application and search for a specific product within IKEA's database of products. The search query returns relevant "hits" that informs customers if the searched for product is located within a specific store, as well as additional product related information (e.g., the price of the product). The searched for product is further linked with at least one additional product (e.g., more like this, others also viewed, or frequently bought together) that a customer may also want to buy.

13.    Innovaport owned all right and title to the '260, '933, '690, and '670 patents.

## COUNT I – PATENT INFRINGEMENT

14.    IKEA's mobile phone application and website infringe the '260 patent.

### **Exemplary claim for IKEA's Mobile Phone Application and Website for the '260 patent**

15.    Upon information and belief, IKEA has created, tested, updated, and maintained its mobile phone application, and has provided its mobile phone application to customers, which constitutes direct infringement of at least claim 15 of the '260 patent, either literally or under the doctrine of equivalents.  Below is an exemplary comparison of claim 15 of the '260 patent (the fourth independent claim).  When describing the mobile phone application features, IKEA states that customers may "[c]reate custom shopping lists to view item stock and location information at your favorite local IKEA store." *See* IKEA website https://www.ikea.com/us/en/customer-service/mobile-apps/ ("the IKEA App Webpage").

16.    Claim 15 of the '260 is a method of providing product location information within a first store.

17.     The mobile phone application provides product location information within a store.

18.     Claim 15 requires a hub that is at least indirectly in communication with a plurality of user interfaces. The hub further is capable of accessing at least one database which includes both product location information and additional product-related information.

19.     As shown in the image below, the mobile phone application is capable of at least indirectly communicating with a hub which accesses at least one database which includes both product location information and additional product-related information. Customers are able to search for a product on the mobile phone application and receive relevant results. Those results include whether a product is located in the store and the price of the product.





20. Claim 15 requires the additional product-related information include information concerning a quantity of a first product within the store, information concerning a price of the product, information concerning an availability of the product within the store, and information linking the product with another product in a cross-referential manner.

21.     As shown below, IKEA's mobile phone application informs customers of the number of products located within a selected store, the price of a product, whether the product is available within a selected store, and further links the product with another product (e.g., More like this).



22.     Claim 15 requires that the hub communicates at least indirectly with each of a plurality of the user interfaces.  The hub is capable of accessing at least one database, which includes both product location information and additional product-related information. The additional product-related information includes information concerning a quantity of a first

product within the store, information concerning a price of the product, information concerning an availability or unavailability of the product within the store, and information linking the product with another product in a cross-referential manner. The hub periodically communicates with each of the user interfaces by receiving inquiry signals from the user interfaces, querying the database to obtain portions of the product location information in response to the inquiry signals, and providing information signals in response to the inquiry signals for receipt by the user interfaces, where the information signals include portions of both the product location information and the additional product-related information. The user interfaces are able to provide output signals based on the information signals.

23.     The IKEA mobile phone application communicates with a hub. The communication includes receiving search requests for specific products (i.e., inquiry signals from a user interface). A query is sent to the database to obtain product location information in response to the search. Information regarding the product, including its price and quantity in the store, and its location, is provided to the customer on his mobile phone application.

24.     Claim 15 requires that at least some of the communication between the user interface and the hub be wireless.

25.     The IKEA mobile phone application communicates with the hub wirelessly to obtain search results, product location, and other product information (e.g., price).

26.     The IKEA mobile phone application and related system infringes claim 15 of the '260 patent either literally or under the doctrine of equivalents.

27.     Upon information and belief, IKEA's website functions the same as its mobile phone application and also infringes at least claim 15 of the '260 patent.

## COUNT II – PATENT INFRINGMENT OF THE '933 PATENT

28.     IKEA's mobile phone application and website infringe the '933 patent.

**Exemplary claim for IKEA's Mobile Phone Application and Website for the '933 patent**

29.     Upon information and belief, IKEA has created, tested, updated, and maintained its mobile phone application, and has provided its mobile phone application to customers, which constitutes direct infringement of at least claim 1 of the '933 patent either literally or under the doctrine of equivalents.  Below is an exemplary comparison of claim 1 of the '933 patent (the first independent claim) with the mobile phone application, demonstrating infringement.  When describing the mobile phone application features, IKEA states that customers may "[c]reate custom shopping lists to view item stock and location information at your favorite local IKEA store." *See* IKEA website https://www.ikea.com/us/en/customer-service/mobile-apps/ ("the IKEA App Webpage").

30.     Claim 1 of the '933 patent is a method of providing product location information within a first store. The mobile phone application provides product location information within a store.

31.     Claim 1 requires a plurality of devices including a mobile device that are in communication with each other. At least one mobile device includes at least one user interface. At least one of the devices includes at least one information storage device.

32.     Customers download IKEA's mobile phone application, which serves as a user interface on their mobile device. The mobile phone communicates with an information storage device that includes a database with information about a store's inventory. The mobile phone and information storage device, or a plurality of devices, therefore communicate with each other.

33. Claim 1 requires the at least one information storage device includes both product location information and additional product-related information that includes information regarding at least one of information concerning a quantity of a first product within the store, information concerning a price of the product, information concerning a presence or absence of the product within the store, information concerning a time at which the product should be available at the store if the product is currently absent from the store, and information linking the product with another product in a cross-referential manner, and further information concerning at least one past location inquiry of a customer.

34. As shown below, IKEA's mobile phone application informs customers of both product information and additional product-related information. The mobile phone application shows the number of products located within the store, the price of the product, whether the product is located in the store, and links the selected product with another product (e.g., More like this). The mobile phone application also includes information concerning at least one past location inquiry of a customer by "remembering" the customer's selected or local store.

Case 2:21-cv-00789-BHL    Filed 06/25/21    Page 9 of 25    Document 1




35.　　Claim 1 requires that a user interface to send an input signal, which is received by the information storage device.

36.　　The IKEA mobile phone application sends an input signal which is received by the information storage device.

37.　　Claim 1 requires querying the information storage device to obtain portions of the product location information and additional product-related information in response to the input signal.

38.    As shown below, upon information and belief, the search inquiry on the mobile phone application queries the information storage device to obtain portions of the product location information (e.g., whether the product is located in-store) and additional product-related information (e.g., price of the product).




Case 2:21-cv-00789-BHL    Filed 06/25/21    Page 11 of 25    Document 1

39. Claim 1 requires that a product location information signal, sent in response to the input signal, to be received by a user interface. The user interface is able to provide an output signal based upon the product location information signal.

40. The IKEA mobile phone application receives a product location information signal in response to its search query. After the product location information signal is received, the user interface displays information about the product (e.g., the product is or is not located within a specific store) based on the product location information signal.

41. Claim 1 further requires that an output signal provide at least one suggestion to the customer in accordance with one or more preferences of the customer, including location information concerning a location of at least one item of interest to the customer, one or more preferences being obtained at least in part based upon the further information.

42. The IKEA mobile phone application suggests other products to the customers. The product information for the suggested product also includes whether the suggested product is located within a store selected by the customer (e.g., the location data of the customer or zip code).

43. The IKEA mobile phone application and related system infringes claim 1 of the '933 patent either literally or under the doctrine of equivalents.

44. Upon information and belief, IKEA's website functions the same as its mobile phone application and also infringes least claim 1 of the '933 patent.


### COUNT III – PATENT INFRINGEMENT OF THE '690 PATENT

45. IKEA's mobile phone application and website infringe the '690 patent.

**Exemplary claim for IKEA's Mobile Phone Application and Website for the '690 patent**

46. Upon information and belief, IKEA has created, tested, updated, and maintained its mobile phone application, and has provided its mobile phone application to customers, which constitutes direct infringement of at least claim 1 of the '690 patent either literally or under the doctrine of equivalents. Below is an exemplary comparison of claim 1 of the '690 patent (the first independent claim) with the mobile phone application, demonstrating infringement. When describing the mobile phone application features, IKEA states that customers may "[c]reate custom shopping lists to view item stock and location information at your favorite local IKEA store." *See* IKEA website https://www.ikea.com/us/en/customer-service/mobile-apps/ ("the IKEA App Webpage").

47. Claim 1 of the '690 is a method of providing product location information within a store.

48. The mobile phone application provides product location information within a store.

49. Claim 1 requires a plurality of devices, including a mobile device. The plurality devices are in communication with each other. At least one of the devices includes a user interface. At least one device includes at least one information storage device, which includes a database.

50. IKEA mobile phone application uses a plurality of devices – a mobile phone and information storage device – to provide product location information within a store to customers. Customers download IKEA's mobile phone application, which serves as a user interface on their mobile device. The mobile phone communicates with an information storage device that includes a database with information about a store's inventory.

51.     Claim 1 requires the at least one information storage device includes both product location information and additional product-related information that links a product with another product in a cross-referential manner.

52.     As shown below, IKEA's mobile phone application informs customers of both product information and additional product-related information. The mobile phone application shows whether the product is located in the store and links the selected product with another product (e.g., More like this).




53.     Claim 1 requires that a user interface receive a product location inquiry regarding the product.

54.     The IKEA mobile phone application receives a product location inquiry (e.g., search for a product within a specific store).

55.     Claim 1 requires that the product location inquiry be processed at a signal processing device to determine a product location inquiry signal.

56.     Once the product location inquiry is sent by the IKEA mobile phone application, the signal must necessarily be processed by a signal processing device to determine a product location inquiry signal (in order to ultimately receive search results on a user interface).

57.     Claim 1 requires that the product location inquiry signal cause a query of the information storage device to obtain portions of the product location and additional product-related information.

58.     The product location inquiry signal that is sent by the IKEA mobile phone application must cause a query of the information storage device to obtain portions of the product location and additional product-related information because, as shown below, the search inquiry on the mobile phone application results in a query of the information storage device to obtain portions of the product location information (e.g., whether the product is located in-store) and additional product-related information (e.g., price of the product) in response to the search query.

Case 2:21-cv-00789-BHL     Filed 06/25/21     Page 15 of 25     Document 1



59. Claim 1 requires that a product location information signal be sent in response to the product location inquiry signal.

60. The IKEA mobile phone application receives a product location information signal in response to its search query (i.e., product location inquiry signal). The IKEA mobile phone application displays product location information (e.g., the product is or is not located

within a specific store) based on the product location information signal. A product location

information signal must therefore have been sent in response to the product location inquiry

signal.

61.    Claim 1 further requires that an output signal, at an output device, be provided in

response to the product location inquiry. The output signal includes location information

concerning the product and also provides at least one suggestion related to the other product.

62.    After a search query for a product located in a specific store, the IKEA mobile

phone application provides relevant results in response to the search. In order to provide relevant

results in response to the search, there must be an output signal, at an output device, that is

provided in response to the search query (i.e., product location inquiry). The search results

provide product location (e.g., whether the product is located in the store and where the product

is located in the store). The search result further provides at least one suggestion related to the

other product by additional products (e.g., More like this).

63.    The IKEA mobile phone application and related system infringes claim 1 of the

'690 patent either literally or under the doctrine of equivalents.

64.    Upon information and belief, IKEA's website functions the same as its mobile

phone application and also infringes least claim 1 of the '690 patent.


**COUNT IV – PATENT INFRINGEMENT OF THE '670 PATENT**

65.    IKEA's mobile phone application and website infringe the '670 patent.

**Exemplary claim for IKEA's Mobile Phone Application and Website for the '670 patent**

66.    Upon information and belief, IKEA has created, tested, updated, and maintained

its mobile phone application, and has provided its mobile phone application to customers,

constituting infringement of at least claim 1 of the '670 patent either literally or under the doctrine of equivalents. Below is an exemplary comparison of claim 1 of the '670 patent (the first independent claim) with the mobile phone application, demonstrating infringement. When describing the mobile phone application features, IKEA states that customers may "[c]reate custom shopping lists to view item stock and location information at your favorite local IKEA store." *See* IKEA website https://www.ikea.com/us/en/customer-service/mobile-apps/ ("the IKEA App Webpage").

67. Claim 1 of the '670 patent is a method of providing product location information within a store.

68. The mobile phone application provides product location information within a store.

69. Claim 1 requires at least one information storage device be provided. The at least one information storage device includes a database. The at least one information storage device is configured to be at least indirectly in communication with at least one other device that includes at least one user interface. At least one of the at least one information storage device and the at least one other device with respect to which the at least one information storage device is configured to be at least indirectly in communication is or includes a mobile device.

70. IKEA must have an information storage device that includes a database because IKEA must have some method of organizing its inventory. The information storage device must be at least indirectly in communication with a mobile device with a user interface because customers use the mobile phone application to search for products. As seen below, the search results state whether a product is located in a store. The mobile phone therefore must be in communication with a database of an information storage device because the number of products

left in the inventory must be readily ascertainable in order to determine whether a product is still located within a store.




71.     Claim 1 requires that the information storage device include both product location information and additional product-related information linking a product with another product in a cross-referential manner.

72.     As shown below, IKEA's mobile phone application informs customers of the whether the product is available within a selected store and further links the product with another product (e.g., More like this).



73. Claim 1 requires that a product location inquiry signal regarding the product be received. The product location inquiry signal is at least indirectly based upon a product location inquiry received by way of the at least one user interface.

74. The IKEA mobile phone application at least indirectly sends a product location inquiry signal, which must be received because the customer receives relevant search results.

75. Claim 1 requires that the product location inquiry signal to be processed, at a signal processing device, to determine a processed product location inquiry signal.

76. The product location signal sent from the mobile phone application must be processed at a signal processing device to determine a processed product location inquiry signal because customers receive relevant search results after searching on IKEA's mobile phone application.

77. Claim 1 requires querying the at least one information storage device to obtain portions of the product location information and additional product-related information in response to the processed product location inquiry signal.

78. In order to obtain relevant search results when searching for a product, IKEA's information storage device must be queried to obtain product location information and additional product-related information. As seen below, product location information and additional product-related information are obtained in response to the processed product location inquiry signal (i.e., search query).




79.     Claim 1 requires that a product location information signal be provided that is at least indirectly responsive to the processed product location inquiry signal.

80.     A product location information signal must be provided that is at least indirectly responsive to the processed product location inquiry signal because a search query on IKEA's mobile phone application results in relevant search results.

81.     Claim 1 requires that the product location signal be configured to enable, at least indirectly, an output signal at an output device to be provided in response to the product location inquiry. The output signal includes location information concerning the product and also provides at least one suggestion related to the other product.

82.     After sending out a product location information signal from the mobile phone application, an output signal, at an output device, must be provided in order for a customer to receive relevant search results on the mobile phone application. As shown below, the search results on a mobile phone application include whether a product is located within a store and also provides at least one suggestion related to the other product. The output signal therefore must necessarily include location information about the product and at least one additional suggestion related to the product (e.g., More like this).



83.    The IKEA mobile phone application and related system infringes claim 1 of the '670 patent either literally or under the doctrine of equivalents.

84.    Upon information and belief, IKEA's website functions the same as its mobile phone application and also infringes least claim 1 of the '670 patent.

## SUMMARY

85.    IKEA has directly infringed the '260, '933, '690, and '670 patents by making, using, maintaining, and updating its mobile phone application and website (collectively the

"Accused Products"), and by providing the Accused Products to customers. Upon information and belief, IKEA has been making, using, maintaining, and updating the Accused Products, and providing the Accused Products to customers, since at least early as 2019.

86.     IKEA's conduct shows a lack of the required duty to avoid infringement of the '260, '933, '690, and '670 patents such that this is an exceptional case; therefore, Innovaport should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

87.     Pursuant to 35 U.S.C. § 284, Innovaport is entitled to enhanced damages for infringement of the '260, '933, '690, and '670 patents by IKEA, up to treble damages.

## Request for Relief

WHEREFORE, Plaintiff Innovaport LLC demands that judgment be entered in its favor and against Defendants IKEA North America Services, LLC and IKEA Trading Services, Inc. as follows:

A.     Adjudging that Defendants have infringed the '260, '933, '690, and '670 patents;

B.     Awarding Innovaport its damages, together with prejudgment interest, caused by Defendants' infringement; and

C.     Granting such other and further relief as the Court may deem appropriate.

## Jury Demand

Plaintiff Innovaport LLC hereby demands a jury trial of all issues of fact not admitted by the Defendants.

Dated:  June 25, 2021                         s/Michael T. Griggs
                                              Michael T. Griggs
                                              Marriam Lin
                                              BOYLE FREDRICKSON, S.C.
                                              840 N. Plankinton Ave.
                                              Milwaukee, WI 53203
                                              Telephone:  414-225-9755
                                              Facsimile:  414-225-9753
                                              *Attorneys for Plaintiff Innovaport LLC*