UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

INNOVAPORT LLC,

        Plaintiff,

   v.                                      Case No. 21-cv-0789-bhl

IKEA NORTH AMERICA SERVICES LLC,

        Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

This is a patent infringement case in which Innovaport LLC (Innovaport) alleges that IKEA North America Services LLC (IKEA) maintains a mobile phone application and website that infringe four of Innovaport's patented methods of providing product location information within a store. ECF No. 1. According to Innovaport, its patents are directed at methods in which users interface with a hub to access a database that includes not only the product location information but also "additional" product-related information, so that when a user searches the hub for a product she may receive potentially relevant cross-referenced information. *Id.* at 2–3. IKEA has moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Innovaport's patents are invalid because they are directed to abstract ideas that contain no inventive concepts. ECF Nos. 9, 10. Because Innovaport plausibly alleges that its patents contain inventive concepts, the Court will deny the motion to dismiss.

### FACTUAL BACKGROUND

Innovaport alleges infringement of U.S. Patents 8,775,260, 8,787,933, 9,489,690, and 9,990,670. Each of the patents contain claims that have similar specifications. Claim 15 of the '260 Patent provides the following:

> 15. A method of providing product location information within a first store, the method comprising:
> > providing a hub that is at least indirectly in communication with each of a plurality of user interfaces, and that is capable of accessing at least one database, the at least one

database including both product location information and additional product-related information,

wherein the additional product-related information includes: information concerning a quantity of a first product within the store; information concerning a price of the product; information concerning an availability or unavailability of the product within the store; and information linking the product with another product in a cross-referential manner;

periodically engaging in the communication with each of the user interfaces, wherein the engaging in the communication includes:

receiving inquiry signals from the user interfaces;

querying the database to obtain portions of the product location information in response to the inquiry signals; and

providing information signals in response to the inquiry signals for receipt by the user interfaces, wherein the information signals include portions of both the product location information and the additional product related information, whereby the user interfaces are able to provide output signals based upon the information signals;

wherein at least some of the communication is wireless communication.

ECF No. 1-1 at 15. The other three patents contain claims also directed at methods wherein users searching for a product query a network of databases and receive both product location information and additional product information. ECF No. 1-2 at 14–15; ECF No. 1-3 at 15; ECF No. 1-4 at 14–15. The additional information may be whether the product is on sale, the availability of the product, or suggestions for related products. *See* ECF No. 1 at 2–3. For example, a customer searching for the location of toothbrushes within a store could receive not only that requested information but also unrequested information about whether the store currently has a sale on toothpaste. *See* ECF No. 17 at 5.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Roberts*, 817 F.3d at 564–65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Patents are presumed valid.  35 U.S.C. § 282.  "Patent eligibility under 35 U.S.C. § 101 is a question of law, based on underlying factual findings."  *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir. 2020) (citing *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018)).  "It may be resolved on a Rule 12(b)(6) motion 'when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law.'"  *Uniloc*, 957 F.3d at 1306 (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018)).

## ANALYSIS

Under 35 U.S.C. § 101, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor[.]"  "The Supreme Court has long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable."  *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) (citations omitted).  To evaluate a Section 101 challenge to patent, a district court must follow a two-part test.  *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014) (citations omitted).  At step one, the court determines whether the patent is directed to one of the patent-ineligible concepts.  *Id.* at 217.  If it is, the court next "examine[s] the elements of the claim to determine whether it contains an 'inventive concept' sufficient to transform the claimed abstract idea into a patent-eligible application."  *Id.* at 221 (citations omitted).  "The second step of the *Alice* test is satisfied when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry."  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (citations omitted).

In its motion to dismiss, IKEA argues that Claim 15 of Innovaport's '260 Patent is representative of the other patent claims at issue and that it fails both steps of the *Alice* test.  ECF No. 10 at 11–18.  IKEA contends the claim "can be broken down into three main steps: (1) receiving an inquiry from users, (2) querying the database in response to the inquiry, and (3) providing product information responsive to the inquiry."  *Id.* at 7.  Collecting and providing information in response to an inquiry, IKEA argues, can be nothing other than an "abstract idea"

as courts have interpreted the term in cases like *West View Research, LLC v. Audi AG*, 685 F. App'x 923, 926 (Fed. Cir. 2017), and *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016). *Id.* at 12–16. Moreover, the claim limitations involve only generic and conventional activities—not enough to transform the abstract idea into a patent-eligible application. *Id.* at 16–18.

In response, Innovaport insists that Claim 15 of the '260 Patent is not representative of the other patent claims at issue, that IKEA is inappropriately overgeneralizing these claims, and that, evening assuming the claims are directed at abstract ideas, they contain inventive concepts, such as the linking of product location information to additional product information. ECF No. 17 at 12–30.

For the purpose of the motion, the Court will assume that Claim 15 of the '260 Patent is representative. The four claims at issue appear to have substantially similar specifications. The Court will also assume that the claims are directed at abstract ideas. Indeed, the claims are directed to methods for collecting information and responding to queries, and the Federal Circuit has found similar claims to be directed at abstract ideas. *See West View*, 685 F. App'x at 926; *Electric Power*, 830 F.3d at 1353–54.

Even so, given the current procedural posture, Innovaport's claims are sufficient to satisfy step two of the *Alice* test. At the motion-to-dismiss stage, IKEA needed to show there are no plausible allegations that Innovaport's patent claims include inventive concepts. *See Uniloc*, 957 F.3d at 1306; *Berkheimer*, 881 F.3d at 1368. IKEA argues (persuasively) that several elements of Innovaport's patents are conventional. Certain claims of the '260 Patent, for example, refer to generic technology such as computer databases, voice recognition software, television screens, monitors, keyboards, and wireless devices. *See* ECF No. 10 at 8, 16–17 (citing ECF No. 1-1); ECF No. 18 at 11–12. But IKEA's brief in support of the motion to dismiss does not address Innovaport's assertion that the claims are inventive at least in part because of the elements linking product location information to additional information. For this reason at least, IKEA fails to meet its burden as the moving party. Perhaps discovery will reveal that Innovaport's patents are directed at abstract ideas containing no transformative inventive concepts, but at this early stage in the proceedings the Court cannot make such a determination. *See, e.g.*, *Innovaport LLC v. Lowe's Home Centers, LLC,* No. 21-CV-418-WMC, 2022 WL 1078548 (W.D. Wis. Apr. 11, 2022) (denying motion to dismiss Innovaport's patent infringement claims at step two of the *Alice* test).

**CONCLUSION**

For the reasons given above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 9, is **DENIED**.

Dated at Milwaukee, Wisconsin on August 5, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge