UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INNOVAPORT LLC,

        Plaintiff,

   v.

        Case No. 21-cv-0789-bhl

IKEA NORTH AMERICA SERVICES LLC, et al,

        Defendants.

# ORDER

On June 25, 2021, Innovaport LLC (Innovaport) filed a complaint against IKEA North America Services LLC (IKEA), alleging IKEA infringed a number of Innovaport's patents. (ECF No. 1 ¶¶4–10.) IKEA moved to dismiss Innovaport's complaint on September 7, 2021, arguing that Innovaport's patents are invalid because they are directed to abstract ideas that contain no inventive concepts. (ECF Nos. 9 & 10.) The Court denied IKEA's motion on August 5, 2022. (ECF No. 26.) In a September 8, 2022 scheduling order, the Court set procedural deadlines for the case, including an October 31, 2022 deadline for amending pleadings without court permission. (ECF No. 31.) On December 13, 2022, after this deadline had passed, Innovaport moved to amend its complaint, contending that the amendment was justified by facts learned in discovery not obtained until November 23, 2022. (ECF No. 36 at 2.)

Courts should freely grant leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court can "deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.'" *Bausch v. Striker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). Even when a court might deny a motion for leave to file an amended complaint, a denial is disfavored. *Id.*

In this case, Innovaport has satisfied the Court that its motion to amend was timely made and should be allowed. IKEA, in contrast, has not convinced the Court that Innovaport has engaged in any undue delay, bad faith, or dilatory conduct. IKEA argues instead that Innovaport could have discovered the information necessary to amend its pleadings through publicly available information, and Innovaport's delay unduly prejudices IKEA. (ECF No. 38 at 6.) IKEA's cases in support of this proposition are not applicable here. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (noting the plaintiff requested leave to file amended complaint near close of discovery); *Schwarz v. Loyola Univ. Med. Ctr.*, No. 08-C-5019, 2011 WL 1575496, at *2 (N.D. Ill. Apr. 27, 2011) (same); *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2017 WL 24433, at *2 (N.D. Ind. Jan. 3, 2017) (denying motion for leave to file third amended complaint).

While this case has been pending since mid-2021, the Court decided IKEA's motion to dismiss about five months ago and discovery only opened thereafter. And, according to Innovaport, had IKEA produced its documents within thirty days of receiving Innovaport's discovery requests on September 15, 2022, Innovaport would have been able to amend its pleadings by the October 31 deadline. (ECF No. 36 at 2 n.1.) Because IKEA did not provide Innovaport with its documents for two months, Innovaport had no choice but to ask the Court for leave. (*Id.*)

Accordingly,

**IT IS HEREBY ORDERED** that Innovaport's motion for leave to file an amended complaint, ECF No. 36, is **GRANTED**. The Clerk is directed to docket ECF No. 36-1.

Dated at Milwaukee, Wisconsin on January 26, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge